UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 0:19-cv-61161-KMM

KRISTEN POWELL, individually and
on behalf of a class of others similarly situated,

       Plaintiff,

v.

RUGSUSA.COM, INC.,

       Defendant.

_____/

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

    Defendant RugsUSA.com, Inc. ("Defendant" or "RugsUSA"), pursuant to Federal Rule of Civil Procedure 12(f), moves to strike the First Amended Complaint [D.E. 13] filed by Plaintiff Kristen Powell on July 19, 2019. In support thereof, Defendant states as follows:

**INTRODUCTION & BACKGROUND**

1. On May 7, 2019, the Plaintiff filed her original complaint, and on June 21, 2019, Defendant moved to compel arbitration and to dismiss this case pursuant to Rule 12(b)(1) and the FAA. D.E. 10.

2. On July 4, 2019, Plaintiff filed a Motion for Extension of Time to Respond to Defendant's Motion to Compel Arbitration and Dismiss (the "Motion for Extension of Time"). *See* D.E. 11.

3. In the Motion for Extension of Time, Plaintiff acknowledged that her response to the Defendant's motion to compel arbitration was due the following day, July 5, 2019. *Id.* ¶ 1. Plaintiff nonetheless sought a three week extension of time to respond to Defendant's motion, explaining, in relevant part, as follows:

> The issues raised by Defendant in the Motion to Compel Arbitration require and warrant a thorough investigation for Plaintiff to properly and fully formulate a response. Due to Independence Day (July 04, 2019), as well as investigation warranted by the arguments Defendant proffers in the Motion to

>    Compel Arbitration, the undersigned will be unable to fully and properly respond to Defendant's Motion to Compel Arbitration on or before the date a response is otherwise due, *to wit*, July 05, 2019.

*Id.* ¶ 2.

4. On July 8, 2019, the Court issued a paperless order on Plaintiff's Motion for Extension of Time, wherein the Court ordered Plaintiff to file a response to the Motion to Compel Arbitration and Dismiss on or before July 19, 2019. *See* D.E. 12.

5. Instead of responding to the Defendant's motion in accordance with the Court's July 8, 2019 Order, Plaintiff filed a First Amended Complaint on July 19, 2019. *See* D.E. 13.

6. Plaintiff's First Amended Complaint was filed more than 21 days after Defendant's Rule 12(b)(1) motion. Plaintiff did not seek leave of court to file her amended pleading, or confer with the Defendant before filing it.

## ARGUMENT

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff's First Amended Complaint violates Rule 15(a) and is improper because it was filed more than 21 days after Defendant's Rule 12(b)(1) motion and *without leave of Court*. *See* Fed. R. Civ. P. 15(a)(1)(B). "A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Temurian v. Piccolo*, No. 18-CV-62737, 2019 WL 2491781, at *2 (S.D. Fla. June 14, 2019) (quoting *Wagner v. Daewoo Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)).

Pursuant to Federal Rule of Civil Procedure 12(f), the district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(h). Courts in the 11th Circuit have found it appropriate to strike an unauthorized pleading filed without leave of court and in violation of Rule 15(a)(2). *See, e.g., Etkin & Co., Inc. v. SBD, LLC*, No. 11-21321-CIV, 2015 WL 11726454, at *4 (S.D. Fla. Sept. 1, 2015) ("If a party files an amended pleading outside the court's deadline and fails to properly seek leave to file the amended pleading, the court should strike the pleading."); *Regions Bank v.*

*Commonwealth Land Title Ins. Co.,* No. 11-23257-CIV, 2012 WL 5410948, at *2 (S.D. Fla. Nov. 6, 2012) ("Striking is appropriate where, for example, a party fails to seek leave of court before filing an unauthorized pleading."); *Rogers v. Hartford Life & Accident Ins. Co.,* 2012 WL 2395194, at *1 n. 1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2)."); *see also United States v. Barlow*, 576 F. Supp. 2d 1375, 1382 (S.D. Fla. 2008) (Moore, J.) (granting defendants' motion to strike where the plaintiff's motion for summary judgment was filed 20 days after the filing deadline without leave of Court).

Plaintiff filed her First Amended Complaint without seeking Defendant's consent or leave of the Court. Accordingly, the First Amended Complaint is an unauthorized pleading that should be stricken from the docket pursuant to Rule 12(f).

## CONCLUSION

For these reasons, Defendant RugsUSA.com, Inc. respectfully requests that Plaintiff's First Amended Complaint be stricken from the record.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Defendant has made reasonable efforts to confer with counsel for Plaintiff regarding the relief sought in the motion, including via electronic mail to Plaintiff's counsel on July 23, 2019 at 9:52 AM. To date, Plaintiff's counsel has not responded to Defendant's conferral email.

<u>Dated</u>: July 24, 2019

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

**By:** */s/ Kamal Sleiman*
Benton Curtis (FBN 118156)
bcurtis@mwe.com
Kamal Sleiman (FBN 105574)
ksleiman@mwe.com
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336
Tel: 305.329.4420
Fax: 305.716.9120
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **July 24, 2019**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Kamal Sleiman*
Kamal Sleiman

**SERVICE LIST**

Jibrael S. Hindi, Esq.
The Law Office of Jibrael S. Hindi, PLLC
110 SE 6th Street
Ft. Lauderdale, FL 33301
T: 954.907.1136
F: 855.529.9540
jibrael@jibraellaw.com
*Counsel for Plaintiff*
DM_US 161370566-1.T16793.0010