UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-cv-61161-KMM

KRISTEN POWELL, individually and on behalf of a
class of others similarly situated,

    Plaintiff,

v.

RUGSUSA.COM, INC.,

    Defendant.
_____/

## JOINT PLANNING & SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff KRISTEN POWELL and Defendant RUGSUSA.COM, INC. (collectively, the "Parties"), hereby file this Joint Scheduling Report.

### DEFENDANT'S PRELIMINARY STATEMENT

For the reasons set out in Defendant's Motion to Compel Arbitration [D.E. 10], Reply in Support of Motion to Compel Arbitration [D.E. 14], and Motion to Strike Plaintiff's First Amended Complaint [D.E. 15], this matter belongs in arbitration. In submitting this Joint Scheduling Order, Defendant expressly reserves and does not waive both its right to arbitrate this dispute and to oppose Plaintiff's anticipated motion to reopen the matter. Indeed, it would be an exercise in futility and a waste of resources to reopen this matter in light of Plaintiff's repeated failure to show cause why the court should not compel arbitration. *See* D.E. 14, 15, 16 and 18.

### FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN

(A)     **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

The Parties do not believe any changes should be made to required disclosures. The parties agree to serve initial disclosure by **08-23-2019.**

(B) **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues**:

The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The parties do not believe discovery should be conducted in phases or limited to particular issues.

(C) **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**:

The Parties will produce documents in paper or Adobe .PDF format.

(D) **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production– whether to ask the court to include their agreement in an order**:

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The parties will comply with the Court's rules governing redaction of account and social security numbers.

(E) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**:

At this time, the Parties do not anticipate changes to the limitations to discovery. The parties reserve their rights to amend this response as necessary.

(F) **Any other orders the court should issue under Rule 26(c) or Rules 16(b) and (c)**:

None.

### **LOCAL RULE 16.1(B)(2) CONFERENCE REPORT**

1. **The likelihood of settlement**:

The Parties have agreed to keep settlement discussions open, however, at this stage, settlement is unlikely.

2. **The likelihood of appearance in the action of additional parties**:

       The Parties currently do not anticipate the appearance of any additional plaintiffs, defendants, or any otherwise interested parties.

3. **Proposed limits on the time**:

    I.    Cutoff to join other parties and amend the pleadings: **09-06-2019**.

    II.   Deadline for filing dispositive motions: **04-03-2020**.

    III.  Deadline to complete discovery: **03-20-2020**.

4. **Proposals for the formulation and simplifications of issues**:

    The Parties agree to cooperate in trying to simplify the issues through discovery.

5. **The necessity or desirability of amendments to the pleadings**:

    At this time, Plaintiff does not anticipate amending the pleadings; however, to the next necessary, any motion(s) to amend will be filed within the time frame set forth above.

6. **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof**:

    The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

7. **Suggestions of the avoidance of unnecessary proof and cumulative evidence**:

    The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

8. **Suggestions on the advisability of referring matters to a Magistrate Judge or Master**:

    The Parties are open to referring certain matters to a Magistrate Judge

9. **Preliminary estimate of the time required for trial**:

    The Parties believe that trial will take 3-5 days.

10. **Requested date or dates for conferences before trial, a final pretrial conference and trial**:

    The Parties proposed the following dates:

    (1) Final pretrial conference:   **05-29-2020**.
    (2) Two-week Trial Period:       **06-01-2020**.

11. **Any other information that might be helpful to the Court**:

    Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

    Defendant refers to its Preliminary Statement set forth above.

    DATED:     August 1, 2019

    Respectfully Submitted,

    /s/ Jibrael S. Hindi
    **JIBRAEL S. HINDI, ESQ.**
    Florida Bar No.: 118259
    E-mail:jibrael@jibraellaw.com
    **THOMAS J. PATTI, ESQ.**
    Florida Bar No.: 118377
    E-mail:tom@jibraellaw.com
    The Law Offices of Jibrael S. Hindi
    110 SE 6th Street, Suite 1744
    Fort Lauderdale, Florida 33301
    Phone: 954-907-1136
    Fax:    855-529-9540

    *COUNSEL FOR PLAINTIFF*

    /s/  Kamal Sleiman
    **KAMAL SLEIMAN, ESQ.**
    Florida Bar No.: 105574
    E-Mail: ksleiman@mwe.com
    **BENTON CURTIS, ESQ.**
    Florida Bar No.: 118156
    E-Mail: bcurtis@mwe.com
    McDermott Will & Emery, LLP
    333 SE 2nd Avenue, Suite 4500
    Miami, FL 33131-4336
    Tel: 305.329.4420
    Fax: 305.716.9120

    COUNSEL FOR DEFENDANT